Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>AGUSTÍN RIVERA SOTO<br><br>Peticionario | TA2026CE00279 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AVI2009G0007<br><br>Sobre:<br>Art. 106 CP<br>(Asesinato en Primer Grado) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece el señor Agustín Rivera Soto vía *certiorari* y solicita que, en esencia, revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Aguadilla, emitida el 2 de febrero de 2026. En dicho dictamen, se resolvió sin lugar la petición del señor Rivera Soto de que se celebre una vista por violación al debido proceso de ley, representación legal inefectiva y falta de divulgación de evidencia. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

Vale recordar que el auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de

este Tribunal de Apelaciones, *supra*. Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Por otro lado, el *Reglamento del Tribunal de Apelaciones* requiere que el cuerpo de un recurso de *certiorari* incluya, en lo pertinente a nuestra presente decisión: (1) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal de Apelaciones; (2) una relación fiel y concisa de los hechos procesales y materiales del caso; (3) un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia; y (4) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable. Regla 34 del Tribunal de Apelaciones, *supra*. Al mismo tiempo, el peticionario deberá incluir un Apéndice en la presentación de su recurso, tal como la decisión del Tribunal de Primera Instancia cuya revisión se solicita y toda resolución, orden o moción que forme parte del expediente del foro primario y en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta. Íd. No obstante, el foro apelativo podrá permitir, a solicitud de la parte peticionaria, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior, dentro de un término

de quince (15) días contados a partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

En el presente caso, el señor Rivera Soto erró al presentar su recurso de *certiorari* de una manera incompleta. Excepto por la Orden recurrida, el peticionario omitió presentar algún documento que pusiera a este Tribunal en posición de evaluar la controversia en sus méritos y emitir un dictamen fundamentado. Por tanto, ante la insuficiencia de información sobre la controversia presentada ante este Tribunal, carecemos de las facultades para expedir y revisar el auto de *certiorari*.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones